**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADRIAN E. FALLINGS, | : | CIVIL ACTION NO. 1:20-CV-1739 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SGT. MARTELL, | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Adrian E. Fallings, a prisoner presently confined at the State

Correctional Institution at Benner, in Bellefonte, Pennsylvania, initiated the instant

civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff has also filed a

motion for leave to proceed *in forma pauperis*.  (Doc. 2.)  Plaintiff names as

defendant Sergeant Martell, who is employed at SCI Benner.  (Doc. 1 at 2.)  An

initial screening of the complaint has been conducted and, for the reasons set forth

below, the court will dismiss the complaint with leave to amend granted.

**I.      Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April

26, 1996), authorizes a district court to review a complaint in a civil action in which a

prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The court is

required to identify cognizable claims and to *sua sponte* dismiss any claim that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §

1915(e)(2)(B), 28 U.S.C. § 1915A(b).

## II.   Allegations in the Complaint

Plaintiff alleges that on June 11, 2020, he asked Defendant Martell when he

would sign his cable slips.  (Doc. 1 at 4.)  Defendant Martell responded "fuck them

slips and as far as I'm concerned with you.  Just know that your celly put a

grievance in on me now you caught up in the middle of it and you gone [sic] to feel

the wrath for this shit and when I come into your cell I don't want to hear that you

---

[1]  Section 1915(e)(2) of title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]  Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

can't breathe bullshit," which plaintiff alleges is a reference to George Floyd.  (Id. at

4.)  Plaintiff requests $60,000 in damages.  (Id. at 6.)

### III.    Discussion

Plaintiff has brought his constitutional claims pursuant to 42 U.S.C. § 1983,

which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory, subjects, or causes to be
> subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a

violation of a right secured by the Constitution and the laws of the United States

[and] that the alleged deprivation was committed by a person acting under color of

state law."  Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).  Plaintiff has failed to

do so here.

"[A]llegations of verbal abuse or threats, absent any injury or damage, are

not cognizable under § 1983."  Brown v. Hamilton Twp. Police Dep't, 547 F. App'x

96, 97 (3d Cir. 2013).  See also Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir.

2006) ("[Plaintiff does not allege that the remarks and harassment were coupled

with actual physical injury.  It is well settled that verbal harassment of a prisoner,

although deplorable, does not violate the Eight Amendment.").  Plaintiff alleges

merely that the defendant verbally threatened him.  There is no allegation that

defendant acted on his threats or injured plaintiff.  As such, plaintiff has failed to

state a claim upon which relief may be granted, and the complaint must be dismissed.

## IV.     Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Because it is possible that plaintiff may be able to remedy his pleading defects in an amended complaint, the court will permit plaintiff to file an amended complaint.

## V.     Conclusion

Based on the foregoing, the court finds that plaintiff has failed to state a claim upon which relief may be granted.  The complaint will be dismissed without prejudice, with leave to amend granted.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        January 27, 2021